No. 82-469

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

STATE OF MONTANA,

                    Plaintiff and Appellant,

    vs.

BRIAN J. WOOD,

                    Defendant and Respondent.

Appeal from:  District Court of the Eighteenth Judicial District,
              In and for the County of Gallatin
              Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Marge Johnson argued, Assistant Attorney General. Helena,
         Montana
        A. Michael Salvagni, County Attorney, Bozeman, Montana

    For Respondent:

        Thomas M. Gaa argued, Bozeman, Montana

                        Submitted·  May 5, 1983

                         Decided:  July 18, 1983

Filed: JUL 1 8 1983

_Ethel M. Harrison_
                                    Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The State appeals the Gallatin County District Court order suppressing evidence found in a search incident to an arrest for issuing a bad check. We reverse.

Between July 17, 1981, and July 26, 1981, Brian Wood issued four checks that totaled $49.97, and between October 10, 1981, and October 30, 1981, he issued nine more that totaled $181.79. Each of these checks was returned to the payee because of insufficient funds in Wood's account. The payees did not contact Wood.

On November 23, 1981, the justice of the peace issued an arrest warrant for Wood on the charge of issuing a bad check. There were no previous efforts to secure his presence to answer the charge or post bond.

At approximately 7:30 a.m. on December 4, 1981, Officer David Peterson of the Gallatin County sheriff's department arrested Wood at his home. No offer to accept bond ($500) was made nor was a "notice to appear" or summons tendered in lieu of a full custodial arrest.

During the booking procedure a full search of Wood was conducted, and one gram of hashish was found. On March 29, 1982, informations were filed charging Wood with issuing a bad check and with criminal possession of dangerous drugs, both felonies.

Wood plead guilty to issuing a bad check. However, the District Court granted his motion to suppress the contraband on the basis that the arrest, from which the search stemmed, was an unconstitutional invasion of privacy under State v. Carlson (1982), ____ Mont. ____, 644 P.2d 498, 39 St.Rep. 802. The lower court ruled that the State

failed to show a compelling state interest for utilizing the most intrusive means to effectuate its interest.

From this ruling the State appeals. The sole issue for our consideration is whether a full custodial arrest was proper in this case.

Essentially, the State contends that the District Court mistakenly extended the Carlson decision to felonies. The Court, in Carlson, clearly limited its ruling to traffic-related misdemeanors. The interests of society in the administration of justice is greater here than in Carlson since a felony is involved. This is a sufficient compelling interest to justify a full custodial arrest.

We hold the arrest was not a violation of Wood's constitutional right of privacy. Full custodial arrests, supported by a warrant, for felonies are proper. First of all, the apprehension of felony suspects is a compelling state interest that justifies a full custodial arrest pursuant to a warrant. This Court held in State ex rel. Zander v. District Court (1979), 180 Mont. 548, 591 P.2d 656, "[t]he right of individual privacy must yield to a compelling state interest. Such compelling state interest exists where the state enforces its criminal laws for the benefit and protection of other fundamental rights of its citizens." 180 Mont. at 556, 591 P.2d at 660. The apprehension of felons is proper enforcement of criminal laws that will benefit all citizens. Specifically, the enforcement of laws prohibiting the issuance of bad checks protects valuable fundamental rights of citizens.

Second, Carlson is limited to traffic-related misdemeanors. In Carlson this Court addressed the issue whether a

-3-

full custodial arrest was proper for misdemeanor traffic offenses. Carlson was involved in a traffic accident whereupon he told the investigating police that he had a license but did not have it with him. The police could not immediately check on this story. Later, police found defendant was driving with a revoked license; thus, the city clerk was told to mail two "notices to appear" to defendant for driving without a license and obstructing an officer. The notices summoned the defendant to appear on March 11, 1981. The notices were not mailed and when the defendant failed to appear, the police obtained a warrant and arrested the defendant. When the arrest occurred in defendant's home, contraband was observed. Police later obtained a search warrant and seized the contraband. Defendant was charged with criminal possession of dangerous drugs and theft, all felonies. The District Court suppressed the seized evidence because defendant's Fourth Amendment rights had been violated.

This Court held that entry by the police pursuant to the arrest warrant was unreasonable as there was no justification or exigency for a full custodial arrest. Hence, the observation of the contraband was a warrantless search which is always presumed unreasonable. Carlson, 644 P.2d at 504, 39 St.Rep. at 810.

The rationale for our holding was based on the misdemeanor traffic offenses. Applied to such offenses, there were less intrusive means to accomplish the State's objective; therefore, no compelling interest existed for the State's invasion of Carlson's privacy. Specifically, the defendant was never notified of the traffic violations and

there is a specific municipal policy that prevents arrests for traffic offenses unless the accused does not respond to notices. We noted other options less intrusive than an arrest that the city could have utilized but did not.

Further indication that Carlson is limited to traffic-related misdemeanors is found in the last paragraph of the majority opinion. We stated:

> ". . . if we were to sustain the entry by the police officers as reasonable, there would be few instances in the service of warrants of arrest for traffic-related offenses when the officers would not gain entrance inside the home. Few persons are fully dressed and ready for the street when they answer the door in response to a knock. Inevitably the search would be held incident to the arrest, and not vice versa. The Circuit Court of Appeals for the Ninth Circuit has been careful to avoid opening up searches on the basis of traffic-related arrests, Taglevore v. United States (1961), 291 F.2d 262; as has the Fifth Circuit, Amador-Gonzalez v. United States (1968), 391 F.2d 308." 644 P.2d at 505, 39 St.Rep. at 811.

Consequently, the District Court here erroneously extended Carlson to felonies. Wood was charged with a violation of section 45-6-316(1), MCA, a felony, and a full custodial arrest was proper pursuant to a valid warrant.

Third, if every felony arrest supported by a warrant was subject to heightened judicial scrutiny, law enforcement would be unreasonably burdened. In effect, the police would have no clear guidelines to determine whether a particular arrest will be constitutionally correct.

The order of the District Court suppressing the evidence is vacated, and the cause remanded to the District Court for further proceedings.

_____
Chief Justice

-5-

We concur:

_L. C. Gulbrandson_

_John Conway Harrison_

_____

_John C. Sheehy_

_Frank B. Morrison_

Justices

Mr. Justice Daniel J. Shea will file a separate opinion later.